NO. 07-01-0243-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 27, 2001

______________________________

JOEL TORRES SILVA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 110
TH
 DISTRICT COURT OF FLOYD COUNTY;

NO. 3883; HONORABLE JOHN R. HOLLUMS, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

After a plea of not guilty, appellant Joel Torres Silva was found guilty of the offense of possession of a controlled substance and was sentenced to 20 years confinement in the Institutional Division of the Texas Department of Criminal Justice.  The judgment was rendered and the sentence imposed on October 9, 2000.  No motion for new trial was filed.  Appellant filed his notice of appeal on June 5, 2001.

A notice of appeal must be filed within 30 days after the day sentence is imposed or suspended in open court.  Tex. R. App. P. 26.2(a)(1).  If a motion for new trial is filed, the notice of appeal is due 90 days after the day sentence is imposed or suspended in open court.  Tex. R. App. P. 26.2(a)(2).  The record reveals that appellant was brought into open court and the sentence was pronounced on October 9, 2000.  Therefore, the notice of appeal filed over seven months later is untimely. 

 A timely notice of appeal is essential to invoke the jurisdiction of a court of appeals.  
Olivo v. State, 
918 S.W.2d 519, 522 (Tex.Crim.App. 1996).  If an appeal is not timely perfected, a court of appeals is not vested with jurisdiction and, consequently, can take no action other than to dismiss the appeal.  
Id. 
at 523.  An appellate court may extend the time to file a notice of appeal if, within 15 days after the deadline for filing the notice, the party files a notice of appeal in the trial court and a motion to extend time in the appellate court.  Tex. R. App. P. 26.3.  However, no motion for extension of time has been filed, and this court therefore lacks jurisdiction to consider the appeal.  
See Olivo
, 918 S.W.2d at 522.

Because the notice of appeal was untimely filed, we are without jurisdiction to consider this appeal.  We note that appellant’s notice of appeal states he “was not allowed an opportunity to file a direct appeal”; however, it contains no explanation of what prevented him from filing a timely notice of appeal and the record does not support that contention.  Even if there was supporting evidence, it would not vest this court with jurisdiction and appellant’s sole remedy would be by post-conviction habeas corpus relief.  
See 
Tex. Code Crim. Proc. Ann. art. 11.07, § 2 (Vernon Supp. 1994). 

Accordingly, we must, and do, dismiss the appeal.  

John T. Boyd

 Chief Justice

Do not publish.